240

David Farrell SULLIVAN,
Plaintiff–Appellant,

v.

Jennifer WELLS, Assistant County Solicitor; Political Subdivision of Spartanburg County, South Carolina; Larry Powers; Staff of the Spartanburg County Detention Facility, and or unknown name supervisor and employees; Deputy Sheriff Hopkins, individually and in his official capacity as Deputy Sheriff for Spartanburg County; Unknown on Scene Deputy, for Spartanburg County in his individual and official capacity as Deputy for Spartanburg County; Unknown On Scene Deputy 1, individually and in his official capacity as Deputy for Cherokee County; Unknown On Scene Deputy 2, in his individual and official capacity as Deputy for Cherokee County; Cherokee County, a political subdivision of the State of South Carolina; Clay T. Allen, in his individual and official capacity as Public Defender of the political subdivision of Spartanburg County, South Carolina; Harold W. Gowdy, III, in his individual and official capacity as Solicitor for Spartanburg County; Unknown on Scene Deputy Lieutenant, of Cherokee County in his individual and official capacity as Supervisor for Cherokee County; Unknown on Scene Deputy Sergeant, of Cherokee County in his individual and official capacity as Deputy for Cherokee County, Defendants–Appellees.

David Farrell Sullivan, Plaintiff–Appellant,

v.

Jennifer Wells, Assistant County Solicitor; Political Subdivision of Spartanburg County, South Carolina; Larry Powers; Staff of the Spartanburg County Detention Facility, and or unknown name supervisor and employees; Deputy Sheriff Hopkins, individually and in his official capacity as Deputy Sheriff for Spartanburg County; Unknown on Scene Deputy, for Spartanburg County in his individual and official capacity as Deputy for Spartanburg County; Unknown on Scene Deputy 1, individually and in his official capacity as Deputy for Cherokee County; Unknown on Scene Deputy 2, in his individual and official capacity as Deputy for Cherokee County; Cherokee County, a political subdivision of the State of South Carolina; Clay T. Allen, in his individual and official capacity as Public Defender of the political subdivision of Spartanburg County, South Carolina; Harold W. Gowdy, III, in his individual and official capacity as Solicitor for Spartanburg County; Unknown on Scene Deputy Lieutenant, of Cherokee County in his individual and official capacity as Supervisor for Cherokee County; Unknown on Scene Deputy Sergeant, of Cherokee County in his individual and official capacity as Deputy for Cherokee County, Defendants–Appellees.

Nos. 10–6859, 10–7676.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 26, 2011.

Decided: May 12, 2011.

David Farrell Sullivan, Appellant Pro Se. Andrew Todd Darwin, Holcombe, Bomar, Gunn & Bradford, PA, Spartanburg, South Carolina, for Appellees.

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

No. 10–6859 dismissed; No. 10–7676 affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 10–6859, David Farrell Sullivan appeals the district court's orders denying his motion pursuant to Federal Rule of Civil Procedure 56(f) in his action pursuant to 42 U.S.C. § 1983 (2006). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Because the district court's order denying Sullivan's Rule 56(f) motion was neither a final order nor an appealable interlocutory or collateral order, we dismiss the appeal of that order for lack of jurisdiction.

In No. 10–7676, Sullivan appeals the district court's order granting summary judgment to Appellees. Our review of the record reveals no reversible error. Accordingly, we affirm that order for the reasons stated by the district court. *Sullivan v. Wells*, No. 6:09–cv–02551–RMG, 2010 WL 4156439 (D.S.C. Oct. 19, 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 10–6859 *DISMISSED.*

No. 10–7676 *AFFIRMED.*